### STATE *vs.* JOSEPHINE BOWES.

#### PROVIDENCE—DECEMBER 7, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

Where an indictment does not state the date on which it was found, the presumption is that it was found on the day the grand jury was empaneled and sworn.

The principle of the decision in *State* v. *Hill*, 13 R. I. 314, affirmed.

INDICTMENT charging the keeping of a common nuisance at divers times between a given date and the day of finding the indictment, the day not being stated. Heard on demurrer to the indictment.

PER CURIAM. Our opinion is that the allegation of time in the indictment is sufficiently certain. The allegation is that the defendant, " on the first day in January, in the year of our Lord one thousand eight hundred and ninety four, and on divers other days and times between said last mentioned date and the date of the finding of this indictment," did keep and maintain a certain common nuisance, &c. The contention in support of the demurrer is that the allegation

---

[1] Gen. Laws R. I. cap. 206, § 7.

is bad because the date of the finding of the indictment is not specifically given in the charge. In State v. Hill, 13 R. I. 314, it was held that a similar allegation was sufficient, the presumption of law being that the indictment was found on the first day of the term if no other date was named. Since that decision, terms of the court have been abolished, and instead a continuous session is provided for, beginning on the third Monday in September in each year and ending on the third Monday of July following. Grand jurors are summoned at stated intervals. The grand jury by whom the present indictment was found was empaneled and sworn, as averred in the indictment, on the fourth day of March, 1895. We think the case is within the principle of the decision in State v. Hill, and that the presumption is that the indictment was found on the day that the grand jury was empaneled and sworn, no other date being specified.

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

*Willard B. Tanner, Attorney-General,* for State.
*John M. Brennan and Dennis J. Holland,* for defendant.